UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SHAWN CURRY-RAKESH, | Civil No. 13-3113 (DWF/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF HUMAN SERVICES LUCINDA JESSON, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a civilly committed detainee at the St. Peter Regional Treatment Center in St. Peter, Minnesota. His petition indicates that he is being confined pursuant to a judgment entered on September 20, 2010, in the state district court for Anoka County, Minnesota. (Petition, p. 1, §§ 1-2.) The petition further indicates that Petitioner did not appeal the judgment that caused his confinement, and he has not challenged the legality

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

of his confinement in any other post-judgment court proceedings. (Id., pp. 2-5, §§ 7-11.)

Petitioner's current federal habeas corpus petition does not present any claims for relief of any kind. Petitioner submitted his petition on the form prescribed for use in this District, but the section of the form that is designated for stating each ground for relief has not been completed. Simply put, Petitioner has offered no clue as to why he believes he should be granted a writ of habeas corpus.

## II. DISCUSSION

### A. Petition fails to state an actionable claim for relief

A federal court cannot grant habeas corpus relief to a state prisoner, unless the petitioner demonstrates that he is being detained in violation of his rights under the federal Constitution. 28 U.S.C. § 2254(a). See also Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension"); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Petitioner has made no effort to show that his current confinement resulted from any violation of his federal constitutional rights.

Furthermore, a writ of habeas corpus under § 2254 cannot be granted, unless the petitioner has adequately demonstrated that he is being confined pursuant to a state court judgment that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Petitioner has made no effort to

2

satisfy this fundamental statutory requirement.

In short, the current petition fails to state any conceivable basis for granting Petitioner a writ of habeas corpus. For this reason alone, the current petition must be summarily dismissed.

   B. Failure to exhaust state court remedies

The Court further finds that it would serve no useful purpose to allow Petitioner to amend his current petition, so he could try to present a legally cognizable claim, because it is readily apparent that no such claim has been fairly presented to, and decided on the merits by, the Minnesota state courts. It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of an individual who is being detained by reason of a state court judgment, unless the detainee has first exhausted all available state court remedies for all of the claims that he seeks to raise in federal court. 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state detainees. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy the exhaustion of state court remedies requirement, a habeas petitioner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

Here, Petitioner's habeas corpus petition plainly shows that he has not satisfied the exhaustion of state court remedies requirement for any possible claim that he might try to bring into federal court. The petition explicitly states that Petitioner did not challenge the judgment that caused his confinement in a direct appeal, and there is no indication that he has initiated any other challenge to his confinement in any other state court proceeding. Clearly, Petitioner has not raised any federal constitutional challenge to his current confinement in the highest available state court, (i.e., the Minnesota Supreme Court). Thus, even if Petitioner could (belatedly) identify some proper claim for federal habeas corpus relief, that claim could not be entertained here, because the exhaustion of state court remedies requirement has not been satisfied.[2]

### III. CONCLUSION

In sum, this case must be summarily dismissed pursuant to Rule 4 of the Governing Rules, because Petitioner has not identified any ground for relief that (a) is based on the

---

[2] The Court notes that the judgment that caused Petitioner's confinement apparently was entered well over a year ago. (Petition, p. 1, § 2.) Therefore, even if the current petition did present a federal constitutional claim for relief, which had been adjudicated by the Minnesota Supreme Court, it appears that this case would have to be summarily dismissed pursuant to the one-year statute of limitations that applies to federal habeas corpus petitions. See 28 U.S.C. § 2244(d).

4

federal Constitution, and (b) could satisfy the standard prescribed by § 2254(d). Furthermore, even if Petitioner had presented some cognizable claim for relief, (or if he were to amend his petition to present such a claim), that claim could not be entertained on the merits here, because the exhaustion of state court remedies requirement has not been met.[3]

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

The Court finds that it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide this case any differently than it has been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

---

[3] The Court notes that Petitioner did not tender the $5.00 filing fee that is required for a federal habeas corpus petition, nor did he apply for leave to proceed in forma pauperis, ("IFP"). Ordinarily, the Court would require the fee issue to be resolved before allowing this case to proceed. However, it is readily apparent that this case will have to be summarily dismissed for the reasons discussed above, so the fee issue will presently be overlooked.

### V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: November 22, 2013

 s/Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 6, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.